**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Walgreen Co., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:06-cv-02084-RWR |
| Rite Aid Corporation, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:06-cv-02089-RWR |
| Louisiana Wholesale Drug Co, Inc., et al.,<br>　　　　Plaintiff,<br>　　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:06-cv-02157-RWR |
| Burlington Drug Company, Inc., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:07-cv-00041-RWR |
| Meijer, Inc., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:06-cv-02155-RWR |

**DEFENDANTS' MOTION AND MEMORANDUM FOR
AN ORAL ARGUMENT ON THEIR MOTION TO DISMISS**

July 23, 2007

       Defendants (collectively, "AstraZeneca") respectfully move pursuant to Local Rule 7(f) that this Court schedule oral argument on their motion to dismiss the complaints in all of these actions, and suggest that the argument be held prior to, or in conjunction with, the Rule 16(b) conference requested by Plaintiffs. *See* Direct Purchaser Plaintiffs' Motion and Mem. for Rule 16(b) Conference and for Leave to Conduct Discovery ("Pl. Rule 16 Motion").

       Although it is not customary to hold oral argument on all motions to dismiss, such hearings are not uncommon, particularly in antitrust cases.[1] If the motion here is granted, it will dispose of five lawsuits, three of which are putative nationwide class actions. If the motion is denied, the parties will face "the potentially enormous expense of discovery" that is the norm in antitrust litigation. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007) ("*Twombly*").

       The motion to dismiss presents what Plaintiffs call "a dispute about the substantive reach of the antitrust laws." Pl. Rule 16 Motion at 11. Put more bluntly, AstraZeneca believes that Plaintiffs are seeking a substantial expansion of the antitrust laws. They are asking the Court to adopt an unprecedented exception to the well-established rule that when the introduction of a new product expands consumers' choices, it cannot be deemed "exclusionary" under Section 2 of the Sherman Act in the absence of bundling, coercion or predatory conduct – none of which are adequately alleged here. On the other hand, Plaintiffs contend – mistakenly – that AstraZeneca is arguing for a rule of "*per se* legality."[2] *Id.* at 8.

---

[1] *E.g.*, *Jung v. Ass'n of American Medical Colleges*, 300 F. Supp. 2d 119 (D.D.C. 2004); *Covad Comms. Co. v. Bell Atl. Corp.*, 201 F. Supp. 2d 123 (D.D.C. 2002), *aff'd in part and rev'd in part*, 398 F.3d 666 (D.C. Cir. 2005); *In re Vitamins Antitrust Litig.*, No. 99-197(TFH), 2000 WL 34230081 (D.D.C. July 28, 2000); *FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25 (D.D.C. 1999).

[2] Plaintiffs insist on telling the Court that AstraZeneca has presented "a *per se* legality argument," *id.* at 8¸ even though AstraZeneca has expressly disavowed such an argument. *See Reply Statement of Points and Authorities in Support of Defendants' Motion to Dismiss* (July 2,

1

Given the importance of the substantive antitrust issues raised by the motion to dismiss, AstraZeneca believes that oral argument will assist the Court.

In addition, these cases arise in the heavily-regulated pharmaceutical industry, and oral argument may be helpful if there are questions about the regulatory framework.  The Supreme Court has emphasized that when considering the adequacy of an antitrust complaint, "'careful account must be taken of the pervasive federal and state regulation characteristic of the industry.'" *Verizon Comm. Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 411 (2004) (*"Trinko"*), *quoting United States v. Citizens & Southern Nat. Bank*, 422 U.S. 86, 91 (1975).  In both *Trinko* and *Twombly*, the Supreme Court upheld the dismissal of antitrust complaints, but only after examining the allegations in the context of the regulatory structure.

Oral argument will also likely be helpful when the Court considers whether to allow discovery to proceed.  Even if the Court is not ready to rule on the complaints at the conclusion of the hearing, its views about the strength of the motion may provide guidance about whether to open the floodgates of discovery.  In this district, many judges presumptively do not allow discovery during the pendency of a motion that could resolve the entire case.[3]  "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. United States Attorneys Office*, No. 91-2262-LFO, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (Oberdorfer, J.), *quoted with approval in Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37

---

2007) at 2 ("Contrary to Plaintiffs' assertion, AstraZeneca never argued 'that *all* product design changes made by a monopolist are *per se* lawful.'")

[3] To support their argument that discovery should begin notwithstanding the pendency of a dispositive motion, Plaintiffs cite two district court cases from Pennsylvania, Pl. Rule 16 Motion at 5, while ignoring the numerous cases to the contrary from this District discussed below.

(D.D.C. 2001) (Bates, J.). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. District of Columbia Fin'l Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (Robinson, M.J.) (citation omitted); *Maljack Productions, Inc. v. Motion Picture Ass'n of Am.*, No. 90-1121, at *2 (D.D.C. Oct. 3, 1990) (Penn, J.) ("until there is a decision on defendant's motion to dismiss all discovery in this action is stayed"); *Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*, No. 00-2398, 2000 WL 34012862, at *5 (D.D.C. Dec. 18, 2000) (Kennedy, J.) ("discovery herein is stayed pending the determination of Defendants' Motion to Dismiss").

Plaintiffs' own authority, Professor Moore's treatise, points out that "a stay of discovery is appropriate when the motion appears to have substantial grounds or, stated another way, does not 'appear to be without foundation in law.'" 6-26 Moore's Federal Practice – Civil § 26.105[3] (citations omitted).[4] Furthermore, "the Supreme Court has recognized that staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive." *In re Netflix Antitrust Litig.*, Nos. 07-00643 *et seq.*, 2007 WL 1725422 (N.D. Cal. June 14, 2007).

In *Twombly*, the Supreme Court emphasized that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency

---

[4] Plaintiffs erroneously cite Moore's for the proposition that "[s]tays of discovery . . . are applied only if 'defendant makes a *strong showing* that the plaintiffs' claim is without merit.'" Pl. Rule 16 Motion, at 5, purporting to quote 2-15 Moore's Manual – Federal Practice and Procedure § 15.02. Actually, this passage discusses the appropriateness of staying *initial disclosures*, not discovery. It reads as follows: "If a defendant asserts that the plaintiff has not properly pleaded the complaint, and that it should be dismissed, the defendant may obtain a stay of the requirement of the initial disclosures pending resolution of the motion to dismiss, provided that the defendant makes a strong showing that the plaintiff's claim is without merit."

should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." 127 S.Ct. at 1966 (internal quotations omitted). "[T]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Id*. at 1967 (internal quotations omitted). The Court pointed out that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings." *Id*.

In short, expensive discovery should not be permitted unless the Court concludes that Plaintiffs' Complaints will likely survive a motion to dismiss. Oral argument may well assist the Court in making that determination.

## CONCLUSION

The Court should schedule oral argument on AstraZeneca's motion to dismiss prior to, or in conjunction with, the Rule 16 conference requested by Plaintiffs.

Dated:  July 23, 2007                                  Respectfully submitted,

By:____/s/ Mark E. Haddad____

Mark E. Haddad (D.C. Bar No. 442547)       John W. Treece
Joshua E. Anderson                                         David M. Schiffman
Alycia A. Degen                                               SIDLEY AUSTIN LLP
SIDLEY AUSTIN LLP                                       One South Dearborn
555 West Fifth Street                                       Chicago, IL  60603
Los Angeles, California 90013                        (312) 853-7000
(213) 896-6000                                                 (312) 853-7036 (fax)
(213) 896-6600 (fax)

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that I have this 23rd day of July, 2007, served a true and correct copy of the foregoing on below-listed counsel of record in this proceeding, by electronic means, as well as by United States mail, properly addressed and first class postage prepaid.

                       /S/Mark E. Haddad
                       Mark E. Haddad

**COUNSEL OF RECORD**:

*Counsel for Walgreen Co.*

Robert D.W. Landon III
Richard Alan Arnold
Scott E. Perwin
Lauren C. Ravkind
Kenny Nachwalter P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

Linda P. Nussbaum
Kaplan, Fox & Kilsheimer LLP
805 Third Ave.
New York, NY 10022

*Counsel for Rite Aid Corp.*

Robert D.W. Landon III
Kenny Nachwalter P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

Steve D. Shadowen
Monica L. Rebuck
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA 17101-1713

Joseph T. Lukens
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933

*Counsel for Louisiana Wholesale Drug Co.
and Burlington Drug Company, Inc.*

David U. Fierst (D.C. Bar 912899)
Stein, Mitchell & Mezines LLP
1100 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036

Bruce E. Gerstein
Barry S. Taus
Bret Cebulash
Kevin S. Landau
Elena K. Chan
Anne K. Fornecker
Kimberly Hennings
Garwin Gerstein & Fisher LLP
1501 Broadway
Suite 1416
New York, New York 10011

L. Gregory Odom
Stuart E. Des Roches
Charles F. Zimmer II
Odom & Des Roches LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith
W. Ross Foote
Percy, Smith & Foote LLP
720 Murray Street
P.O. Box 1632
Alexandria, LA  71309

Daniel Berger
David F. Sorensen
Eric L. Cramer
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Brent B. Barriere
Phelps Dunbar LLP
365 Canal Street, Ste. 2000
New Orleans, LA  70130

Adam Moskowitz
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134

*Counsel for Meijer, Inc.*

Joseph Vanek
David Germaine
Vanek, Vickers & Masini, P.C.
111 S. Wacker Dr., Ste. 4050
Chicago, IL 60606

Michael Hausfeld
Brian Ratner
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005

Robert N. Kaplan
Linda Nussbaum
Susan R. Schwaiger
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022

Steig Olson
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 E. 52nd St., 30th Fl.
New York, NY 10022

Paul Slater
Sperling & Slater, P.C.
55 W. Monroe Street
Suite 3200
Chicago, IL 60603

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
Walgreen Co., et al.,
        Plaintiffs,
    v.
AstraZeneca Pharmaceuticals L.P., et al.,
        Defendants.
_____

: Civil Case Number:
: 1:06-cv-02084-RWR

Rite Aid Corporation, et al.,
        Plaintiffs,
    v.
AstraZeneca Pharmaceuticals L.P., et al.,
        Defendants.
_____

: Civil Case Number:
: 1:06-cv-02089-RWR

Louisiana Wholesale Drug Co, Inc., et al.,
        Plaintiff,
    v.
AstraZeneca Pharmaceuticals L.P., et al.,
        Defendants.
_____

: Civil Case Number:
: 1:06-cv-02157-RWR

Burlington Drug Company, Inc., et al.,
        Plaintiffs,
    v.
AstraZeneca Pharmaceuticals L.P., et al.,
        Defendants.
_____

: Civil Case Number:
: 1:07-cv-00041-RWR

Meijer, Inc., et al.,
        Plaintiffs,
    v.
AstraZeneca Pharmaceuticals L.P., et al.,
        Defendants.
_____

: Civil Case Number:
: 1:06-cv-02155-RWR

**ORDER**

Upon consideration of the Motion for an Oral Argument on Defendants' Motion to Dismiss, it is hereby

2

    ORDERED that oral argument shall take place on _____ at _____ on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

_____      _____
DATE                       Richard W. Roberts
                             United States District Judge